FILED IN CHAMBERS
U.S.D.C. Rome

DEC 14 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PHYLLIS ELLER,

        Plaintiff,

    v.

BEN TZER YUL and SHURI HUEY
JIAN YUL, individually and as
Trustees of the Yul Family
Trust, d/b/a Quality Inn of
Cartersville,

        Defendants.

CIVIL ACTION

NO. 4:06-CV-028-RLV

O R D E R

This is an action arising out of a slip and fall incident that allegedly occurred at the Quality Inn motel operated by the defendants. Pending before the court is the defendants' motion to dismiss [Doc. No. 33-1], the plaintiff's motion for partial summary judgment [Doc. No. 36-1], the plaintiff's second motion to amend the complaint [Doc. No. 37-1], and the plaintiff's motion for sanctions [Doc. No. 38-1; Doc. No. 39-1]. For the reasons set forth below, the court DENIES the defendants' motion and GRANTS the plaintiff's second motion to amend the complaint, but the other motions filed by the plaintiff are DENIED.

MOTION TO DISMISS

The defendants' motion to dismiss makes two assertions: (1) there has been insufficient service of process on the defendants, and (2) the complaint fails to state a claim upon which relief may be granted because the statute of limitations has expired.

The first assertion, insufficient service of process, is made pursuant to Fed. R. Civ. P. 12(b)(5).[1]  At issue is the fact that the plaintiff failed to effect service upon the defendants after the complaint had been amended.  The only action the plaintiff has taken thus far regarding service of process was to serve Mr. Yul in his capacity as the agent for an unrelated corporation, Marbella, Inc., named in the first complaint, which the plaintiff mistakenly thought was doing business as Quality Inn.  Subsequently, this court permitted the plaintiff to amend the complaint and name the defendants, Ben and Shuri Yul, as the parties doing business as Quality Inn.  Notably however, the plaintiff has still neglected to serve the defendants in their own right.  The only service even attempted has been the initial service on Mr. Yul as an agent for an unrelated corporation, not in his individual capacity nor as a representative or agent for Quality Inn.

The defendants assert that the complaint should be dismissed because they have not been served with a summons and a complaint naming them as defendants.[2]  However, the requirement that a

---

[1]The defendants' motion presents their arguments entirely under 12(b)(6).  However, to the extent defenses are raised regarding insufficient service of process, those assertions will be analyzed according to Rule 12(b)(5).

[2]The defendants also argue that dismissal is proper because the plaintiff has made noticeably little effort to generally comply with the  Federal Rules of Civil Procedure by relying only on the service upon Marbella, Inc., to suffice for service upon Ben and Shuri Yul doing business as Quality Inn of Cartersville.  While the court is inclined to agree that the plaintiff's actions have been nearly dilatory in this regard, service was nevertheless perfected on Mr. Yul (albeit as an agent for an improperly named defendant).

plaintiff serve the defendants with a summons and the copy of the complaint is not a technically rigid rule.  The purpose of service is to ensure that the defendant is provided with sufficient notice of a pending legal action.  See Volkswagenwerk Aktiengesellchaft v. Schlunk, 486 U.S. 694, 700 (1988).  Further, the court has broad discretion to extend the time for service of process.  Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).  In this case, the plaintiff's complaint would be foreclosed due to the statute of limitations if the court dismissed her claim, which is a fact that militates against dismissal.  Id. at 1132.  Moreover, in satisfaction of the ultimate goal of service, the defendants had, by their own admission, actual notice of the suit.  Therefore, the court concludes that extending the time for service of process is appropriate.  The plaintiff is hereby directed to properly serve the defendants within ten days of the filing of this order.

An apparently alternative argument raised by the defense is that the plaintiff did not satisfy her duty to identify the proper party defendant and, thus, the complaint should be dismissed.  In this case, the plaintiff first named Marbella, Inc. d/b/a Quality Inn as the defendant.  Then, in her amended complaint, the plaintiff named Ben and Shuri Yul, individually and as trustees of the Yul Family Trust, d/b/a the Quality Inn of Cartersville.

---

At the very least, that service did give Mr. Yul actual notice of a suit arising out of an incident allegedly occurring at the motel where Mr. Yul is a general partner.  Thus, at a minimum, the defendants have had actual notice of the claims in this case since the beginning.

Evidently, however, that is still an improper name for the party owning and operating the Quality Inn.  Consequently, the plaintiff is seeking to again amend her complaint to name the proper party defendant–the Quality Inn of Cartersville, a Georgia general partnership. [Pl.'s Second Mot. for Leave to Amend the Compl. Changing the Naming of Party Def., Doc. No. 37-1.]

The defendants argue that it was incumbent upon the plaintiff to make reasonable efforts to ascertain the correct owner and operator of the Quality Inn.  The plaintiff, however, argues that regardless of whatever duty it had to name a proper defendant, the defendants also had an affirmative obligation under Fed. R. Civ. P. 26(a) to provide the correct legal name of the owner and operator of the motel in response to the plaintiff's interrogatories, which asked about the correct legal name of any entity that may be responsible for the alleged slip and fall.  Essentially, the plaintiff attempts to convince the court that the burden for naming the proper defendant shifts to the defendant once a complaint is filed and an interrogatory inquiring generally into the matter is served on the other party.  However, the plaintiff cites no legal support for this type of burden-shifting structure and this court has found none.

While Rule 26(a) and (e) clearly require that the defendants disclose, and correct the disclosure of, certain material information, the rule does not abrogate the plaintiff's primary responsibility to act diligently and responsibly to name the proper

4

party defendant in her suit in a timely manner.  It is clear that the plaintiff was aware from the outset that the defendant was improperly named.  Attempting to shift the blame for why it has taken so long to determine the correct legal entity to sue does not shift the responsibility for accomplishing this task in the first place.  Thus, the plaintiff's arguments in this regard are wholly without merit.

The second assertion, failure to state a claim upon which relief may be granted, is pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss for failure to state a claim is properly granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).  Although the facts alleged in a complaint are assumed to be true for purposes of a motion to dismiss, conclusory allegations and legal conclusions are entitled to no deference in the court's consideration of such a motion. See South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996).

The basis for this part of the motion to dismiss is the applicable statute of limitations.  The defendants argue that although the original complaint was timely filed, the amended complaint was filed after the two-year statute of limitations had expired and, therefore, the complaint fails to state a claim upon which relief may be granted.  In other words, the defendants argue

that the amended complaint does not relate back to the date of the original complaint, which was filed before the statute of limitations expired.

Both sides in this case ground their arguments as to whether the amended complaint relates back to the original complaint upon the Federal Rules of Civil Procedure and Rule 15(c).  However, such reliance is improper.  In <u>Saxton v. ACF Industries, Inc.</u>, 254 F.3d 959, 963 (11th Cir. 2001), the Eleventh Circuit held that state law relation-back rules, not federal, would apply "to amendments in a diversity case where state law provides the applicable statute of limitations."  Accordingly, in order to determine whether the plaintiff's amended complaint relates back to the date of the original complaint, the court will apply Georgia relation-back rules.

The Georgia rules for relation-back are found in O.C.G.A. § 9-11-15(c).  There are three requirements for satisfying the Georgia rules: (1) the claim in the amendment arose out of the same transaction or occurrence as the original pleading, (2) the party that is to be brought in by the amendment had notice of the action when it was originally filed, and (3) that the new party "knew or should have known that, *but for a mistake* concerning the identity of the proper party, the action would have been brought against him."  <u>Fontaine v. Home Depot, Inc.</u>, 250 Ga. App. 123, 124-25 (2001)(emphasis added).  Although the federal and Georgia rules on relation-back are substantively identical, it is the difference

between how the courts in the two separate jurisdictions apply the third requirement, the "mistake requirement," that is determinative in this case.[3]

As an initial matter, the parties do not dispute that the first requirement is satisfied; the amended complaint does arise out of the same facts as the original complaint.  The parties do dispute, however, whether the second and third requirements are satisfied.

The defendants assert that the second requirement, whether the party to be brought in had notice of suit when it was originally filed, is not satisfied because the service upon Mr. Yul was only in his capacity as the agent for Marbella, Inc., not in his individual capacity.  Even assuming that fact, though, the Georgia courts merely require a minimum of actual notice.  See Fontaine, 250 Ga. App. at 126.  Because it is clear that Mr. Yul became aware of the suit involving an incident at Quality Inn at the time he was served, regardless of his capacity, the court concludes that he was on notice of this action from the very beginning.  Additionally, determining whether the second requirement is met under Georgia law also requires inquiry to the prejudicial effect on the defendant. Id.  In this case, it is equally clear that the defendants will not

---

[3]Because the only real difference between the federal and Georgia rules governing relation-back is how the courts have interpreted the language, and in particular how they have defined the third "mistake" requirement, the parties' arguments in support of their position are applicable and the court will simply consider them under the appropriate framework.

be prejudiced because the defendants have been involved in this suit from the beginning and have been afforded every opportunity to contest the action against them.  Therefore, the second requirement of Georgia's relation-back rules is satisfied.

In regards to the third requirement for an amended complaint to relate back, the definition of a "mistake" is critical.  The defendants argue that the plaintiff's admitted lack of knowledge as to the proper party defendant is not a "mistake" under the federal rules.  That is, the error in the original complaint cannot be attributed to a misnomer or misidentification because the plaintiff did not simply make a mistake as to the proper spelling or identification of the same entity.  Rather, the error was due to the plaintiff's lack of knowledge as to who the proper defendant should be, and under the federal rules a "lack of knowledge" does not equate to a "mistake."  See Johnson v. Aegon USA, Inc., 355 F. Supp. 2d 1337, 1348 (N.D. Ga. 2004).  While the defendants may be correct under the federal relation-back rules, the Georgia courts' interpretation of "mistake" is considerably broader.

In this case, when the original complaint was filed, the plaintiff did not actually know the identity of the proper party defendant (she merely knew that Mr. Yul worked at the Quality Inn where the alleged slip and fall occurred, and she then sued the only corporation that had designated him as its agent for service of process).  Contrary to how the federal rules are interpreted, this "lack of knowledge" in Georgia is considered a "mistake" under

8

its relation-back rules.   Where a plaintiff is mistaken about the identity of a defendant, an amended complaint filed after the applicable statute of limitations has expired may relate back to the time the original complaint was filed.   <u>Dean v. Hunt</u>, 273 Ga. App. 552, 622-23 (2005); <u>cf.</u> <u>Deleo v. Mid-Towne Home Infusion,</u> <u>Inc.</u>, 244 Ga. App. 683, 684 (2001)(finding no "mistake" where the plaintiff in fact knew the identity of the proper party defendant but failed to name him in the original complaint); <u>cf.</u> <u>Harding v.</u> <u>Godwin</u>, 238 Ga. App. 432, 434 (1999)(finding no "mistake" because the plaintiff knew the identity of an unnamed defendant when she filed the original complaint but only moved to add him after the statute of limitation expired).   Consequently, under the Georgia relation-back rules, the plaintiff's lack of knowledge regarding the correct identity of Quality Inn is a "mistake" so long as the defendants in this case "knew or should have known that, but for a mistake concerning the proper identity of the party, the action would have been brought against [them]."   O.C.G.A. § 9-11-15(c). Based on the pleadings, it is clear that the owners and operators of the motel have always known that it is they who would have been named earlier but for the plaintiff's mistake regarding their proper legal identity.   Therefore, the third requirement for relation-back of the amended complaint is also satisfied.

<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

The plaintiff moves this court to enter a judgment declaring that its second amended complaint relates back to the time the

original complaint was filed. This motion, however, is unnecessary and unhelpful to the plaintiff's case. The plaintiff's motion is unnecessary because the issue of whether the amended complaint relates back is more properly addressed in the second motion to amend the complaint (or in the response to the defendants' motion to dismiss based on the limitations period expiration[4]). The motion is also unhelpful because a summary judgment motion is for seeking a final judgment on the merits of a claim, not a procedural decision that a complaint may be amended.

In any event, the substance of the plaintiff's arguments is that the second amended complaint relates back to the original complaint. Because that argument is rendered moot by this court's decisions regarding the defendants' motion to dismiss and the plaintiff's subsequent second motion to amend the complaint, the court denies this motion for summary judgment.

SECOND MOTION TO AMEND THE COMPLAINT

For the second time, the plaintiff seeks permission to amend her complaint and change the name of the defendant. After some confusion regarding the proper name of the party to be sued, the plaintiff wishes to change the name of the party defendant to the Quality Inn of Cartersville, Georgia.

---

[4]Although the subject of that response is the first amended complaint, the plaintiff incorporates her arguments here into that motion, and the two arguments are essentially identical since the only difference between the first and second amended complaints is the name of the defendant.

Under Fed. R. Civ. P. 15(a), a party may amend its complaint with leave of the court, "and leave shall be given when justice so requires."  While the court has discretion in this matter, the Eleventh Circuit has held that district courts should be generous in allowing amendments. See Williams v. Bd. of Regents, 441 F.3d 1287, 1296 n.3 (11th Cir. 2006).  Grounds for denying amendments include undue delay, undue prejudice, and futility.  Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir. 2004).

The defendants oppose the second motion to amend,  asserting that it is within this court's discretion to deny the motion because the statute of limitations has expired, the deadlines for amending pleadings have passed, and discovery has closed. The defendants also assert that amending the complaint for a second time will cause undue delay.  However, the defendants do not show exactly how granting the plaintiff's motion will cause undue delay.

Although it is true that the limitations period has expired, an amendment to a pleading under Rule 15(a) may relate back to the date of the original pleading as long as the amended pleading satisfies the three relation-back requirements of Rule 15(c). Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001). Under the same analysis conducted previously because relation-back analysis in this case must be made under Georgia law, and bearing in mind that the only change with the second amended complaint is the proper name of the defendants and Quality Inn, the court concludes that the second amended complaint does relate back to the

11

time the original complaint was filed.   The second amended complaint asserts the same claim and arises out of the same occurrence set forth in the original complaint, the defendants have had actual notice of the claim from the outset and will not be prejudiced, and the defendants knew or should have known that, but for a mistake concerning their proper identity, the action would have been brought against them.   See Utica Mut. Ins., Co. v. Chasen, 195 Ga. App. 875, 876-78 (1990).

Further, considering the Eleventh Circuit's guidance regarding the rule that leave to amend should be granted "where justice so requires," and the limited circumstances in which it may be denied, the fact that the deadline for amending pleadings has passed is of little import.   Also, it is unclear that the defendants will experience any undue delay or prejudice despite the fact that discovery has closed.   In this case, the amendment goes only to the proper name of the defendants and does not add a new party.   Thus, amending the complaint will not require the defendants to conduct additional discovery on an additional issue.   Consequently, no prejudice or undue delay will result in granting this motion.

MOTION FOR SANCTIONS

The plaintiff's counsel seeks to have this court sanction the defense counsel under Rule 11 because of their refusal to waive a legitimate defense (statute of limitations) and their filing of a motion to dismiss.   This purportedly sanctionable conduct arose out of the confusion as to the correct identity of the owner and

12

operator of the motel.  The following is a brief outline of the procedural time-line.

First, before the statute of limitations expired, the plaintiff's counsel became aware that an improper party had been named as the defendant in the initial complaint.  Although the defense counsel put forth that the correct party name was Quality Inn of Cartersville, Inc., the plaintiff's counsel quickly confirmed that that name was not the legal entity that owned and operated the Quality Inn where the alleged accident occurred.  At that point, the statute of limitations expired, and the plaintiff's counsel began a series of discussions with the defense counsel where they apparently understood that the defense counsel would investigate the proper name of the owner and operator of the motel. When the defense counsel did not provide them with the proper name, however, the plaintiff's counsel went forward with a motion to amend the complaint and named the record title owners of the property (the current defendants), which was approved by the court.

Shortly thereafter, the parties learned that the Quality Inn is actually owned and operated by a partnership.  Consequently, the plaintiff's counsel sought the defense counsel's consent to propose a second amended complaint changing the name of the defendant to Quality Inn of Cartersville, Georgia.  The plaintiff also sought to have the defendant waive the defense that the action was time barred.   However, the defense counsel refused to waive their

available defenses and declined to consent to the second amended complaint.

Based on the pleadings, it is clear that the plaintiff's counsel relied entirely on the defense counsel to provide the correct name of the owner and operator of the motel. The plaintiff conducted no discovery prior to the statute of limitations expiring and conducted very little discovery afterwards in regards to ascertaining the proper legal identity of Quality Inn. Although it is now apparent that the proper legal name of the owner and operator of the motel was unknown to even the defense counsel themselves, the plaintiff's diligence to uncover the truth and name a proper defendant party prior to the statute of limitations expiring, or even shortly thereafter, has been severely lacking. By attempting to place the blame wholly upon the defense counsel for the confusion in this case, the plaintiff's counsel is attempting to obfuscate their own significant shortcomings in pursuing its case. The court disfavors sanctioning attorneys and will not do so where it is clear that the moving party has contributed to the matter.

In opposition to this motion, the defense counsel asserts that Rule 11 sanctions do not apply to the actions surrounding the proper naming of the defendant in this case because sanctions under that rule are inapplicable to "disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rule 26 through 37." Fed. R. Civ. P. 11(d). The

plaintiff appears to agree that Rule 11(d) makes sanctions inapplicable to discovery matters. Still, the plaintiff asserts that the allegedly sanctionable conduct here (i.e. raising a statute of limitations defense and filing a motion to dismiss) is nevertheless applicable to Rule 11 sanctions even though the facts supporting the sanctions all deal with discovery matters.

This court disagrees and concludes that it was reasonable for the defendant to maintain and exercise all available defenses, including the statute of limitations. The improper naming of the party allegedly responsible for the plaintiff's injury appears to be the result of both a lack of due diligence and of referencing incorrect county and insurance records that styled the Quality Inn as a corporation even though it was actually a partnership. The improper naming was not the result of sanctionable conduct by the defense attorneys. Consequently, sanctions against the defense counsel under Rule 11 are inappropriate in this matter.

CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [Doc. No. 33-1] is DENIED. The plaintiff's motion for partial summary judgment [Doc. No. 36-1] is DENIED; the plaintiff's second motion to amend the complaint [Doc. No. 37-1] is GRANTED; and the plaintiff's motion for sanctions [Doc. No. 38-1; Doc. No. 39-1] is DENIED. The plaintiff is ordered to perfect service of process on

the defendant named in the second amended complaint within ten days of the docketing of this order.

SO ORDERED, this _14th_ day of December, 2006.

_Robert L. Vining, Jr._
ROBERT L. VINING, JR.
Senior United States District Judge

16